UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEON J. WINSBERRY**                                        **CIVIL ACTION**

**VERSUS**                                                   **NO. 07-5595**

**JOSEPH LUSK, ET AL.**                                      **SECTION "C" (3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Leon J. Winsberry, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Joseph Lusk, Steven Lindsey, Brian Sullivan, and Sgt. H. Laurent. In this lawsuit, plaintiff claims that the defendants, who are officers with the New Orleans Police Department, harassed him and used excessive force to effect his arrest on four separate occasions.

Defendants have filed a motion for partial dismissal pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff was ordered to file a memorandum in opposition to that motion,[2] but he has failed to do so. The undersigned finds that the unopposed motion should be granted for the following reasons.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

---

[1] Rec. Doc. 9.

[2] Rec. Docs. 11 and 16.

money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401(5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows defendants to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, federal courts "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff. Nevertheless, we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Central Laborers' Pension Fund v. Integrated Electrical Services, Inc., 497 F.3d 546, 550 (5th Cir. 2007) (citations, quotation marks, and brackets omitted). In light of recent United States Supreme Court jurisprudence, the United States Fifth Circuit Court of Appeals has noted:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is *plausible on its face*. Factual allegations must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added) (citation, footnote, and quotation marks omitted).

In the instant case, plaintiff asserts claims for harassment and excessive force based on four separate incidents which occurred in September of 2004, December of 2005, November of 2006, and December of 2006. Defendants move for dismissal of the claims based on the incidents which occurred in 2004 and 2005 on the grounds that those claims are prescribed. It is clear that "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

This civil action was brought pursuant to 42 U.S.C. § 1983. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted).

Under the federal "mailbox rule," an inmate's *pro se* complaint is considered to have been "filed" when he presented it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995). This Court will consider plaintiff's complaint to have been filed on the date it was signed, September 6, 2007, because that is the earliest date the complaint could have been given to prison officials. Nevertheless, even with the benefit of the "mailbox rule," it is apparent the complaint was filed well over one year after the incidents which occurred in September of 2004 and December of 2005. Accordingly, plaintiff's claims concerning those incidents are clearly prescribed.[3]

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' unopposed motion for partial dismissal be **GRANTED**. **IT IS FURTHER RECOMMENDED** that the plaintiff's claims based on the

---

[3] Defendants' motion does not address plaintiff's claims based on the incidents which allegedly occurred in November and December of 2006. Therefore, those claims are unaffected by this Partial Report and Recommendation and should be allowed to proceed at this point.

incidents which occurred in September of 2004 and December of 2005 be **DISMISSED WITH PREJUDICE** as prescribed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of January, 2008.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**